# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARILYN KENT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA D.H.S. | : | NO. 19-1598 |

## MEMORANDUM

**Savage, J.**                                                                                                                   **May 14, 2019**

*Pro se* plaintiff Marilyn Kent has filed a civil rights action against defendant Philadelphia D.H.S. and a Motion to Proceed *In Forma Pauperis*. Because it appears that Kent is unable to afford to pay the filing fee, we grant leave to proceed *in forma pauperis* and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## Facts

Kent alleges that in 1985 her home was invaded and she or her eleven-year-old daughter was raped by a "D.H.S. Reg. Child Abuser." She makes additional allegations that in 1986 she was raped by the same perpetrator, became pregnant, and her daughter was stalked and assaulted with a tire iron by the perpetrator. She alleges that the perpetrator, who was granted child visitation rights by D.H.S., kidnapped the child, who went missing for 30 years. She demands a criminal investigation, imprisonment of the perpetrator, and $30 million.

## Standard of Review

The Complaint must be dismissed if, among other things, it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based

on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Because Kent is proceeding *pro se*, we construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**Discussion**

"The date of accrual in a § 1983 action is determined by federal law." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based. *Id.*

The continuing violation doctrine provides that an action is timely so long as the last act of the defendant's unlawful practice falls within the limitations period. A "continuing violation, refers to continual unlawful acts, not the continuing consequences of the original act. It does not apply to discreet and independent actionable acts." *Montanez v. Sec'y Pennsylvania Department of Corrections*, __ F.3d __ (3d Cir. 2014)

Because application of the statute of limitations is apparent on the face of Kent's Complaint, it must be dismissed as legally baseless. All activities underlying Kent's claims occurred 34 to 35 years ago. Her allegations make clear that she knew of the existence of her injury and what caused it — D.H.S. allegedly failing to protect her and the child — at the time her injury occurred.

Even assuming the claim was not time-barred, it is still frivolous because Kent raised the identical issue in a prior lawsuit against the same defendant. *See Kent v. Philadelphia D.H.S.*, Civ. A. No. 11-2558. That case was dismissed by Judge Stengel on January 19, 2012 after the amended complaint had been served on the defendant. Judge Stengel's order was later affirmed on appeal, *see Kent v. Philadelphia D.H.S.,* No. 12-

2

1311 (3d Cir. Nov. 30, 2012), and Kent's post-appeal filings in this Court were denied because the judgment was final.

A *pro se* plaintiff may not represent her children. *See Osei-Afriyie v. Med. Coll. of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (holding that non-lawyer proceeding *pro se* may not represent his children). Thus, to the extent that Kent's Complaint may be read to raise claims belonging to her child, it fails for this additional reason.

<u>/s/ TIMOTHY J. SAVAGE J.</u>